Estate of Charles W. Myers, Deceased, Paul F. Myers, Administrator, and Blanche C. Myers, et al. [1] v. Commissioner. Estate of Myers v. Commissioner
Docket Nos. 66948, 66949, 66955, 72557. 1.
United States Tax Court
T.C. Memo 1959-231; 1959 Tax Ct. Memo LEXIS 16; 18 T.C.M. (CCH) 1116; T.C.M. (RIA) 59231; December 11, 1959
Charles H. Smith, Esq., 103 West 2nd Street, Waverly, Ohio, for the petitioners. Vernon R. Balmes, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax: Additions to Tax
I.R.C. of 1939
Docket
Income
Sec.
Sec. 294(d)
Sec.
Number
Petitioners
Years
Tax
293(a)
(1)(A)
294(d)(2)
66948
Estate of Charles W. Myers, Dec'd,
Paul F. Myers, Administrator, and
Blanche C. Myers
1952
$402.00
$20.10
$46.62
$31.08
1953
75.00
3.75
10.91
7.26
66949
Paul F. Myers and Dora Jane Myers
1954
582.26
66955
Paul F. Myers
1952
248.02
12.40
22.07
14.70
1953
567.87
28.39
Sec. 6651(a), I.R.C. 1954
72557
Estate of Charles W. Myers, Dec'd,
Paul F. Myers, Administrator, and
Blanche C. Myers
1954
$464.00
$46.40
*17 The only question for decision is whether gain realized by petitioners upon the repossession of real estate under an executory sale contract in 1954 is taxable as ordinary income or as capital gain. The propriety of the additions to tax depends upon whether or not resolution of the principal issue results in deficiencies in income tax. All of the facts have been stipulated, are so found, and the stipulation of facts and the attached exhibits are included herein by this reference. Charles W. Myers and Paul F. Myers, who were father and son, owned four tracts of land as tenants in common in Waverly, Ohio. The premises were improved prior to January 1, 1952 by a cinder block building, in which a garage business was operated. Title to an adjacent tract of land was held by Paul F. Myers and his wife, Dora Jane Myers, as tenants in common. The five tracts of land cost a total of $8,000 in 1949 and the improvements consisting of the cinder block building cost $6,000. In October of 1952 the property together with the improvements had an adjusted basis of $12,895, representing the original cost of $14,000 less depreciation allowed or allowable of $1,105. In August of 1952, the *18 United States Atomic Energy Commission announced that a site near Waverly, Ohio, had been selected for the construction of a gaseous diffusion plant. Following the announcement, builders, promoters, speculators and workers came from all parts of the country to build houses, trailer parks, motels, restaurants and establish other businesses to serve the incoming construction workers. The F.R.L. Realty Corporation obtained a lease on a store building adjoining the Myers Garage. The corporation soon became interested in the garage property and a contract was drawn up wherein it offered to pay Charles W. Myers, Paul F. Myers and Dora Jane Myers $50,000 for the property. The contract called for the payment of $5,000 down and $2,500 a year, payable semi-annually, with interest at 6 per cent upon the unpaid balance. On October 29, 1952, Charles, Paul and Dora Myers by written agreement agreed to sell the above described real estate to F.R.L. Realty Corporation for $50,000. The contract recited that $5,000 had been paid. The balance was to be paid at the rate of $2,500 per annum, payable semiannually with 5 per cent interest. No provisions were contained in the contract for contingencies *19 in case of default. The following payments were made by the F.R.L. Realty Corporation under the contract: Date
Payments
Interest
October 1952 - down payment
$5,000.00
April 1953
1,250.00
$1,124.00
October 1953
1,250.00
1,092.74
April 1954
1,250.00
1,060.20
Total
$8,750.00
$3,276.94
In October of 1954 the F.R.L. Realty Corporation defaulted in its payment. Charles, Paul and Dora Myers agreed to take back their property and terminate the contract. The F.R.L. Realty Corporation surrendered the premises and the Myers repossessed the property in December of 1954. During the period when the realty corporation was in possession, the property depreciated to the extent of $780 and no improvements were made to the property. Paul Myers did not report any gain or interest income from the foregoing transaction in his returns for the years 1952 and 1953. Charles and Blanche C. Myers did not report any gain or interest from the transaction in their original 1952 return. A gain was reported in their amended return for the year 1952 and delinquent returns for the years 1953 and 1954 which were filed on about May 18, 1955. The Commissioner determined that petitioners *20 realized long-term capital gains in 1952 from the execution of the contract in that year and that payments on the principal received in 1953 were taxable in that year as ordinary income. He now concedes these determinations to be in error. He maintains, however, that petitioners realized gain in 1954 upon repossession of the real estate taxable as ordinary income in the amount of $8,750 less depreciation of $780. Petitioners contend that their gain is a capital gain. They cite no cases which would sustain their contention and this case is referred to on brief as "a question of first impression." Since the briefs were filed, however, the case of Ralph A. Boatman, 32 T.C. - (September 14, 1959) has been decided by this Court. There, petitioner was the vendor of a farm under an executory sale contract. The selling price was $60,000, of which $12,000 was paid on execution of the contract, the balance to be paid on subsequent delivery of the deed. The contract was not carried out and the petitioner retained the $12,000. We held this amount to be taxable to petitioner as ordinary income. We perceive no controlling factual differences between the Boatman case and the one before us. *21 There we held that there had been no "sale or exchange," and to paraphrase language used in the Boatman opinion, The facts were all stipulated and it is abundantly clear that no sale was ever made by (petitioners). (They) merely entered into a sale contract which was never carried out - a transaction which left (them) with the subject of the contract plus ($8,750). * * * The fact remains (petitioners) never sold or exchanged anything that resulted in (their) receiving the ($8,750). We hold, therefore, that the amount of ($8,750 less depreciation) retained by the (petitioners) when the executory contract for the sale of (the real estate) was not carried out, is taxable to (them) as ordinary income * * *. On the principal issue we decide in this case on the authority of Ralph A. Boatman, supra, that petitioners realized ordinary income in 1954 when they repossessed the real estate under a mutual agreement with their vendee that the contract of sale was not to be carried out and that they were to retain that part of the purchase price which had already been paid them. The additions to tax under section 294(d) are not contested in the event a Rule 50 computation results in deficiencies. *22 However, in view of the Supreme Court's decision in Commissioner v. Acker, - U.S. - (November 16, 1959) and the determination stating that no declarations were filed, the only additions to tax that would be proper are those under section 294(d)(1)(A), Internal Revenue Code of 1939. Similarly, no issue has been raised with respect to the addition to tax under section 6651(a), Internal Revenue Code of 1954. Accordingly, it is sustained. Because of concessions and stipulated adjustments, Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Paul F. Myers and Dora Jane Myers, Docket No. 66949; Paul F. Myers, Docket No. 66955; and Estate of Charles W. Myers, Deceased, Paul F. Myers, Administrator, and Blanche C. Myers, Docket No. 72557.↩